**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
New Haven Division

| | | |
|---|---|---|
| In re: | : | CHAPTER 13 |
| LILIANA LOPEZ, | : | |
| DEBTOR | : | CASE NO.: 18-30942-amn |

**DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF CONFIRMATION OF PLAN**

**I.    INTRODUCTION**

On September 26, 2018, in response to the Trustee's objection to confirmation of her plan, the debtor submitted her memorandum of law. On Oct. 5, 2018, the Chapter 13 Standing Trustee submitted her memorandum of law and on October 11, 2018 a hearing was held before the Court (Nevins, J.) at the conclusion of which the Court took the matter under advisement. No decision has yet been rendered.

It has recently come to the attention of Debtor's counsel and of the Chapter 13 trustee that relevant caselaw has been published bringing to light a U.S. Department of Education regulation implementing the Higher Education Loan Act that creditors must add to the amount due of principal and interest due on education loan a flat-rate collection penalty when a debtor goes into default on his or her education loan in order to properly administer loans guaranteed by the Department of Education. This has a direct impact on whether a plan unfairly discriminates against general unsecured creditors if it permits a debtor to continue paying education loans directly in accordance with the contractual terms, thus avoiding said loans going into default, the core issue in dispute in the confirmation of the debtor's plan.

1

II.     Newly-Discovered Legal Authority

In 1965 Congress enacted and President Lyndon Johnson signed into law, the Higher Education Act (hereinafter the "HEA"), codified at 20 U.S.C. , Chapter 28, § 1001 et seq., The HEA set up the system of financial assistance for post-secondary education which remains in existence in modified form today. The HEA has been reauthorized several times by Congress, each time with various modifications. The HEA's loan structure has distribution channels for various types of loans where the federal government makes loans to qualifying students--so-called "federal direct loans", and to students' parents, so-called "federal family education loans"--and also loans through private institutional lenders to college students for their education expenses, sometimes guaranteed by parents or others, which are incentivized by means of default guarantees through the Dept. of Education ("DOE"). Following enactment of the HEA the DOE promulgated regulations which established guidelines for the administration and collection of both direct and private educational loans, 34 CFR Secs. 684 et seq.

The DOE contracted with various loan servicing agencies to administer many of its direct and guaranteed loans. Congress intervened in 2003, 2005 and 2008 to assure that loan funds are fully repaid whenever feasible and uniform collection procedures established, so that delinquent borrowers, not taxpayers bear the aggregate cost of collection of higher education loans. Naturally, litigation has arisen. Congress has also twice amended the Bankruptcy Code to make the discharge of student loans in bankruptcy unavailable to all but the most dire of defaulting borrowers.

Initially, in <u>Black v. Education Credit Management Corp</u>, 459 F.3d 796 (7th Cir., 2006), the central issue was whether a regulation promulgated by the Secretary of Education that allowed the assessment of collection costs on defaulted student loans to be done on a formulaic

basis was a permissible implementation of the governing statute, 20 U.S.C. § 1091a. The district court upheld the regulation, 34 C.F.R. § 682.410(b)(2), over the objection of a bankruptcy trustee, and accordingly allowed the claim for collection costs computed according to the regulation. The trustee appealed. The Seventh Circuit agreed with the district court that the regulation was a permissible one, and affirmed the district court.

In <u>Bible v. United Student Aid Funds, Inc.</u>, 799 F.3d 633 (7th Cir., 2015), the issue was whether dismissal of a class action alleging RICO violations was proper against a student loan creditor who assessed "flat-rate, make-whole" fees of 22% of the defaulted loan balance on a borrower who had entered into an alternative repayment agreement after default. The dismissal was based on preemption of the state-law claim by federal law, and the 7th circuit reversed, although it expressed doubt the RICO case could be maintained, given the DOE regulation.

Recently, in <u>In re Kennedy,</u> 568 B.R. 367 (Bankr. Ct, D. Kans., 2017) Chief Judge Karlin overruled a debtor's objection to the guarantor's proof of claim wherein it had included a 22.5% collection fee to the principal and interest amount owed, finding that the DOE regulation (34 C.F.R. §§ 30.60, 682.410(b)(2)) <u>required</u> the loan guarantor to include the flat collection fee, and imposed no reasonableness limitation on said fee.

III.    Analysis

In the instant case Liliana Lopez, the debtor, has proposed in her plan to continue directly paying her higher education creditor, Navient, in accordance with the loan contract, so as to avoid the occurrence of her defaulting during the plan period. The trustee has objected to confirmation of the plan, on the basis that said classification unfairly discriminates, so it would

3

result in the general unsecured creditors receiving a lesser percentage dividend than Navient if the debtor continued paying her student loans in accordance with the contract.

Relying on the holdings in Black, Bible, and In re: Kennedy *supra* a plan that did not maintain the student loan payments in accordance with the contract would require the student loan creditor to impose upon the debtor a flat-rate "make whole" collection fee of 22.5% to 25% of the loan balance pursuant to the foregoing DOE regulation. Navient's claim is for $72,552.53, while other unsecured general claims total $28,451.96. Of course, only a portion of Navient's claim will be paid during the 60-month plan period, while the balance due would be paid in the five-plus years after the plan is fully consummated. If instead a flat rate collection fee were imposed as a result of a single class unsecured dividend plan as suggested by the trustee, the collection penalty that would be levied could cost the debtor an additional amount of between $18,138 (25%) and $16,324.32 (22.5%)--amounts that exceeds the total she would pay to the unsecured creditors in such a plan.

IV.     Conclusion

In an effort to navigate through her troubled financial waters by aid of Chapter 13, the debtor needs to steer her plan between the rocky shore of curing her mortgage arrearage, and the reef of paying her higher education loan, both of which debts will survive her bankruptcy discharge. This cannot feasibly be done if her bankruptcy plan results in her incurring a substantial education loan collection fee, making her condition worse after Chapter 13 bankruptcy than before she started.

For the foregoing reason, as well as those discussed in the debtor's first memorandum of law, the debtor requests this Court to confirm her plan as proposed, and to overrule the trustee's objection.

4

Signed in Bonita Springs, Florida, this 5th day of February, 2019.

        Respectfully submitted,
        Liliana Lopez, The Debtor


By: /s/ Kenneth E. Lenz #ct06419_____
Kenneth E. Lenz, Her Attorney
Lenz Law Firm, LLC
236 Boston Post Rd., 2nd Fl.
Orange, CT  06477
Tel.: (203) 891-9800
Email: ken@lenzlawfirm.com

### CERTIFICATION OF SERVICE

Service of the foregoing is hereby certified this 5th day of February, 2019, via electronic means to the following, being all parties in interest:

Office of the U.S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Roberta Napolitano, Standing Chapter 13 Trustee
rnapolitano@ch13rn.com and
notices@ch13rn.com

Liliana Lopez, Debtor
liliana.lopez@lmco.com


        /s/ Kenneth E. Lenz_____
        Kenneth E. Lenz, Debtor's Attorney